**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| TRAJECTOR HOLDINGS, LLC,[1] | Case No. 3:26-bk-03286-JAB<br>Lead Case |
| | *Jointly Administered with* |
| BENEFITS GROUP HOLDINGS, LLC, | Case No. 3:26-bk-03289-JAB |
| TRAJECTOR MEDICAL, LLC, | Case No. 3:26-bk-03291-JAB |
| INFINITE IP LLC, | Case No. 3:26-bk-03293-JAB |
| PERFECT PATH, LLC, | Case No. 3:26-bk-03295-JAB |
| TRAJECTOR ADMIN SERVICES, LLC, | Case No. 3:26-bk-03296-JAB |
| BENEFITS INSURANCE, LLC, | Case No. 3:26-bk-03297-JAB |
| MYLER INSURANCE SERVICES HOLDINGS, LLC, | Case No. 3:26-bk-03298-JAB |
| ANCHORSIX SERVICES, LLC, | Case No. 3:26-bk-03299-JAB |
| ATVANTAGE, LLC, | Case No. 3:26-bk-03300-JAB |
| TRAJECTOR MEDIA SERVICES, LLC, | Case No. 3:26-bk-03301-JAB |
| GLOBALTEK BPO LLC, | Case No. 3:26-bk-03302-JAB |
| MYLER DISABILITY HOLDINGS, LLC, | Case No. 3:26-bk-03304-JAB |
| MYLER DISABILITY, LLC, | Case No. 3:26-bk-03306-JAB |
| ADDUCO MEDIA, LLC, | Case No. 3:26-bk-03307-JAB |
| TRAJECTOR DISABILITY, LLC, | Case No. 3:26-bk-03308-JAB |
| CONTACT CENTER 1, LLC, | Case No. 3:26-bk-03309-JAB |
| BENEFITS KARMA, LLC, | Case No. 3:26-bk-03310-JAB |
| EXECUTIVE STAFFING SOLUTIONS, PLLC, | Case No. 3:26-bk-03311-JAB |
| AMPRY HOLDINGS, LLC, | Case No. 3:26-bk-03312-JAB |
| CONCIERGE STAFFING SERVICE MANAGEMENT, LLC, | Case No. 3:26-bk-03314-JAB |
| TRAJECTOR, INC., | Case No. 3:26-bk-03315-JAB |

Debtors.
_______________________________________/

# SCHEDULES OF ASSETS AND LIABILITIES FOR TRAJECTOR MEDIA SERVICES, LLC, 3:26-bk-03301-JAB

---

[1] The Debtors' mailing address is 5950 NW 1st Place, Suite 200, Gainesville, FL 32607. The last four digits of each Debtor's federal tax identification number are: (i) Trajector Holdings, LLC (7528); (ii) Benefits Group Holdings, LLC (2029); (iii) Trajector Medical, LLC (5243); (iv) Infinite IP LLC (3723); (v) Perfect Path, LLC (3494); (vi) Trajector Admin Services, LLC (2231); (vii) Benefits Insurance, LLC (9835); (viii) Myler Insurance Services Holdings, LLC (3606); (ix) AnchorSix Services, LLC (5009); (x) Atvantage, LLC (7384); (xi) Trajector Media Services, LLC (7509); (xii) Globaltek BPO LLC (1684); (xiii) Myler Disability Holdings, LLC (9924); (xiv) Myler Disability, LLC (0845); (xv) Adduco Media, LLC (0257); (xvi) Trajector Disability, LLC (5136); (xvii) Contact Center 1, LLC (2329); (xviii) Benefits Karma, LLC (1850); (xix) Executive Staffing Solutions, PLLC (1841); (xx) Ampry Holdings, LLC (2323); (xxi) Concierge Staffing Service Management, LLC (2814); and (xxii) Trajector, Inc. (2128).

# GLOBAL NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

## Introduction

Trajector Holdings, LLC and its debtor affiliates (collectively, the "**Debtors**") with the assistance of the Chief Restructuring Officer (defined herein) and advisors, are filing their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**," and together with the Schedules, the "**Schedules and Statements**") with the United States Bankruptcy Court for the Middle District of Florida (the "**Bankruptcy Court**"), pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of each Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements. Nothing contained in the Schedules and Statements shall constitute a waiver of any of the Debtors' rights or an admission with respect to their Chapter 11 Cases (defined herein), including, without limitation, any issues involving equitable subordination, offsets, or defenses causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant applicable laws to recover assets or avoid transfers.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor (whether publicly filed or otherwise). Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results may differ from such estimates.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements.

Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, the Debtors and their officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out

of or caused in whole or in part by the acts, omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and Statements. Except as expressly required by the Bankruptcy Code, the Debtors and their officers, employees, agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or re-categorized. The Debtors, on behalf of themselves, their officers, employees, agents, and advisors disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

Mark C. Healy, as the Chief Restructuring Officer (the "Chief Restructuring Officer") of each of the Debtors, has signed the Schedules and Statements. In reviewing and signing the Schedules and Statements, Mr. Healy necessarily relied upon the efforts, statements, and representations of other of the Debtors' personnel and professionals. Mr. Healy has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and their addresses. Accordingly, the Debtors reserve the right, as expressly provided for by Bankruptcy Rule 1009(a) to amend each of the Schedules and Statements from time to time as may be necessary or appropriate.

## Global Notes and Overview of Methodology

**1.** **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim ("**Claim**") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

A listing in the Schedules or Statements (including, without limitation, Schedule A/B, Schedule E/F or Statement 3) by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court.

**2.** **Description of Cases and "as of" Information Date**. On July 23, 2026 (the "**Petition Date**"), each of (i) Trajector Holdings, LLC; (ii) Benefits Group Holdings, LLC; (iii) Trajector Medical, LLC; (iv) Infinite IP LLC; (v) Perfect Path, LLC; (vi) Trajector Admin Services, LLC; (vii) Benefits Insurance, LLC; (viii) Myler Insurance Services Holdings, LLC; (ix) AnchorSix Services, LLC; (x) Atvantage, LLC; (xi) Trajector Media Services, LLC; (xii) Globaltek BPO LLC; (xiii) Myler Disability Holdings, LLC; (xiv) Myler Disability, LLC; (xv) Adduco Media, LLC; (xvi) Trajector Disability, LLC; (xvii) Contact Center 1, LLC; (xviii) Benefits Karma, LLC; (xix) Executive Staffing Solutions, PLLC; (xx) Ampry Holdings, LLC; (xxi) Concierge Staffing Service Management, LLC; and (xxii) Trajector, Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court (the "**Chapter 11 Cases**"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 28, 2026, the Bankruptcy Court entered orders directing the joint administration of the Chapter 11 Cases, under lead of Trajector Holdings, LLC, Case No. 3:26-bk-03286-JAB.

**3.** **Net Book Value of Assets**. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values, as applicable, in the Debtors' books and records. Additionally, because the book values of certain assets, such as equipment, work in process, patents, trademarks, and copyrights, may materially differ from their fair market values, they may be listed as undetermined amounts as of the Petition Date. Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes may not appear in the Schedules and Statements if they have no net book value.

**4.** **Recharacterization**. Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

**5.** **Real Property and Personal Property–Leased**. In the ordinary course of their businesses, the Debtors lease real property and various articles of personal property, including, office

equipment from certain third-party lessors. The Debtors have made reasonable efforts to list all such leases in the Schedules and Statements. The Debtors have made reasonable efforts to include lease obligations on Schedule D (secured debt) to the extent applicable and to the extent the lessor filed a UCC financing statement. However, nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement).

**6.** **Excluded Assets and Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.

7. The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain outstanding Claims on a postpetition basis. The Schedules may deduct or exclude part or all of any claim paid postpetition pursuant to the Bankruptcy Court's Orders.

**8.** **Insiders**. Solely, for purposes of the Schedules and Statements, the Debtors define "insiders" to include the following: (a) directors; (b) senior level officers; (c) equity holders holding in excess of 10% of the voting securities of the Debtor entities; (d) Debtor affiliates; and (e) relatives of any of the foregoing (to the extent known by the Debtors). Entities listed as "insiders" have been included for informational purposes and their inclusion shall not constitute an admission that those entities are insiders for purposes of section 101(31) of the Bankruptcy Code.

**9.** **Intellectual Property Rights**. The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another Debtor. Accordingly, the Debtors reserve all rights with respect to the legal status of any and all such intellectual property rights.

**10.** **Executory Contracts and Unexpired Leases**. Although the Debtors made diligent attempts to attribute executory contracts and unexpired leases to their rightful Debtors, in

certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses.

The Debtors' executory contracts and unexpired leases have been set forth in Schedule G. Purchase orders and work orders may not be listed on Schedule G. The failure to include such purchase orders and work orders does not constitute an admission that such purchase orders and work orders are not executory contracts and the Debtors reserve all rights with respect thereto.

**11.** **Classifications**. Listing a Claim or contract on (a) Schedule D as "secured," (b) Schedule E/F part 1 as "priority," (c) Schedule E/F part 2 as "unsecured," or (d) Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such Claims or contracts or leases or to setoff of such Claims.

**12.** **Claims Description**. Schedules D and E/F permit each Debtor to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

**13.** **Causes of Action**. Despite their reasonable and good faith efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

**14.** **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

a. Undetermined Amounts. The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

b. Totals. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

c. Liens. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

**15.** **Estimates and Assumptions**. Because of the timing of the filings, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. Actual amounts could differ from those estimates, perhaps materially.

**16.** **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

**17.** **Intercompany.** The listing in the Schedules or Statements (including, without limitation, Schedule A/B or Schedule E/F) by the Debtors of any obligation between a Debtor and another Debtor (or a non-Debtor affiliate) is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court. While the Debtors have used reasonable efforts to ensure that the proper intercompany balances are attributed to each legal entity, all rights to amend these items on the Schedules and Statements are reserved.

Intercompany transfers can be characterized in many ways. The Debtors reserve all of their rights with respect to the intercompany balances listed in the analysis, including, but not limited to, the appropriate characterization of such intercompany balances and the amounts of such balances, which are still being identified by the Debtors. The Debtors have not made any attempt to analyze the nature, or composition, of these intercompany balances.

**18.** **Setoffs**. The Debtors routinely incur certain setoffs and other similar rights during the ordinary course of business. Setoffs in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, refunds, warranties, debit memos, credits, and other disputes between the Debtors and their suppliers and/or customers. These setoffs and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such setoffs and other similar rights may have been accounted for when certain amounts were included in the Schedules, setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements. In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware. The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

**19.** **Global Notes Control**. If the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

**Specific Disclosures with Respect to the Debtors' Schedules**

**Schedule A/B 3**. Cash values held in financial accounts are listed on Schedule A/B 3 as of the close of business on July 22, 2026, as applicable. Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Emergency Motion for Interim and Final Orders (A) Authorizing the Debtors to (I) Continue to Use Existing Cash Management System, (II) Maintain Bank Accounts and Continue Use of Existing Business Forms and Checks, (III) Honor Certain Related Prepetition and Postpetition Obligations, and (IV) Perform Intercompany Transactions, and (B) Granting a Waiver of Certain Investment and Deposit Guidelines, and (C) Granting Related Relief* [Doc. No. 31].

**Schedule A/B 11.** Accounts receivable do not include intercompany receivables. While the Debtors have made reasonable efforts to treat accounts receivable as described in this Global Note, accounts receivable may reflect certain credit amounts owed to a particular creditor. By doing so, the Debtors do not admit the validity of any particular credit or right of setoff or recoupment and reserve all rights to dispute any such Claims.

**Schedules A/B 15**. Ownership interests in subsidiaries have been listed in Schedules A/B 15.

**Schedule A/B 72**. The Debtors may have net operating losses, the value of which is undetermined. The failure to include a net operating loss or list the value of such net operating loss on an individual Debtor level is not an admission that such Debtor does not have a net operating loss, and the Debtors reserve all rights to assert net operating losses.

**Schedule A/B 73**. The Debtors are the primary or additional policyholders under certain workers' compensation, business liability, and various liability, property, and other insurance policies and programs, which the Debtors pay directly. In connection with the operation of their businesses, the Debtors maintain the Insurance Programs through several various insurance carriers, including, but not limited to, the insurance policies identified in Exhibit B of the *Debtors' Emergency Motion for Authorization to (I) Continue to Administer Insurance Policies, Surety Bond, and Related Agreements; (II) Honor Certain Obligations in Respect Thereof; and (III) for Related Relief* [Doc. No. 21].

**Schedule A/B 74 & 75**. In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to claims, counter-claims, setoffs, refunds, or potential claims against third parties. Additionally, certain of the Debtors may be or become party to pending litigation in which the Debtors have asserted, or may assert, Claims as a plaintiff or counter-Claims as a defendant. Because such Claims are potentially unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B 74 or 75. The Debtors' failure to list any contingent and/or unliquidated claim held by the Debtors in response to these questions shall not constitute a waiver, release, relinquishment, or forfeiture of such claim.

**Schedule D**. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of

liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercreditor or intercompany agreement) related to such creditor's claim. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract.

**Schedule E/F part 1**
Payroll and Taxes accrued as of filing have been subsequently paid pursuant to the *Order Granting Debtors' Emergency Motion for an Order Authorizing Debtors to (I) Pay Prepetition Wages, Salaries, Employee Benefits, and Other Employee Obligations, (II) Maintain Employee Benefit Programs, and (III) Granting Related Relief* [Doc. No. 57] and the *Order Granting Debtors' Emergency Motion for Order Authorizing Debtors to Pay Prepetition Sales, Income, and Other Taxes and Similar Obligations* [Doc. No. 76], respectively.

**Schedule E/F part 2**. The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F part 2, based upon the Debtors' books and records as of the Petition Date which includes unpaid invoices received and the Company's estimate accrual for invoices that have yet to be received.

Determining the date upon which each Claim on Schedule E/F part 2 was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule E/F part 2. Furthermore, claims listed on Schedule E/F part 2 may have been aggregated by unique creditor name and remit to address and may include several dates of incurrence for the aggregate balance listed.

Schedule E/F part 2 contains information regarding pending litigation involving the Debtors. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements. Some of the litigation Claims listed on Schedule E/F may be subject to subordination pursuant to section 510 of the Bankruptcy Code. Schedule E/F part 2 also includes potential or threatened litigation claims. Any information contained in Schedule E/F part 2 with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the potential suits and proceedings included therein. The Debtors expressly incorporate by reference into Schedule E/F part 2 all parties to pending litigation listed in the Debtors' Statements 7, as contingent, unliquidated, and disputed claims, to the extent not already listed on Schedule E/F part 2.

Schedule E/F part 2 reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of executory contracts or unexpired leases. Additionally, Schedule E/F part 2 does not include potential rejection

damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Schedule G**. Certain information, such as the contact information of the counterparty, may not be included where such information could not be obtained using the Debtors' best reasonable efforts. Listing or omitting a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is or is not an executory contract or unexpired lease was in effect on the Petition Date or is valid or enforceable. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

Certain confidentiality and non-disclosure agreements may not be listed on Schedule G due to confidentiality restrictions and/or their commercially sensitive nature. The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including but not limited to amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry. In some cases, the same counter-party may appear multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such counter-party or amounts recorded in different financial systems used by the Debtor at its various operating locations. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable, or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance, and attornment agreements, supplemental agreements, settlement agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such agreements may not be set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on the Schedule G.

**Schedule H**. For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition debt facilities are listed as Co-Debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties. Litigation matters can be found on each Debtor's Schedule E/F part 2 and Statement 7, as applicable.

**Specific Disclosures with Respect to the Debtors' Statements**

**Payments to Creditors within 90 Days (Statement Part 2, question 3)**. Statement Part 2, question 3 includes any disbursement or other transfer made by the Debtors within 90 days before the Petition Date except for those made to insiders (which payments appear in response to Statement question 4) and employees.

**Non-business Revenue (Statement Part 2, question 4)**. Statement Part 2, question 4 does not account for a respective Debtor's intercompany transactions that are purely accounting balancing entries as opposed to actual payments. With respect to individuals, the amounts listed reflect the universe of payments and transfers to such individuals including compensation, bonus (if any), and expense reimbursement.

The Debtors have included all payroll distributions and, benefits, bonuses and expense reimbursements, made over the twelve months preceding the Petition Date to any individual that may be deemed an "Insider." Certain members of senior management are employed and paid by non-Debtors.

**Legal Actions or Assignments (Statement Part 3, question 7)**. Information provided in Statement Part 3, question 7 may not include every administrative agency proceeding open or closed during the relevant time period, as certain agency proceedings are quickly dismissed or resolved. Additionally, any information contained in Statement Part 3, question 7 shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

**Financial Institutions (Statement Part 13, question 26(d)).** The Debtors have provided financial statements in the ordinary course of their businesses to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date. Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent or subject to confidentiality agreements, the Debtors may not have disclosed all parties that may have received such financial statements for the purposes of Statement Part 13, question 26(d).

**Payments to Insiders (Statement Part 13, question 30).** The Debtors have set forth the payments to insiders within one (1) year of the case in Part 2, question 4 of the Statement of Financial Affairs.

**<u>Consolidated Tax Group (Statement Part 13, question 31)</u>**. Certain of the Debtors file tax returns on a consolidated level at the Trajector Holdings, LLC level. Certain tax obligations, refunds and net operating losses may therefore not be listed for an individual Debtor. Nothing in the Statements or Schedules is an admission that a particular Debtor is liable with respect to any particular tax liability. The failure to include a tax refund, or net operating loss, or to list the value of such net operating loss on an individual Debtor level is not an admission that such Debtor does not have a net operating loss, and the Debtors reserve all rights to assert net operating losses.

* * * * *END OF GLOBAL NOTES* * * * *

*SCHEDULES AND STATEMENTS BEGIN ON THE FOLLOWING PAGE*

**Fill in this information to identify the case:**

Debtor Name: In re : Trajector Media Services, LLC

United States Bankruptcy Court for the: Middle District of Florida

Case number (if known): 26-03301 (JAB)

☐ Check if this is an amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

**12/15**

## Part 1: Summary of Assets

1. ***Schedule A/B: Assets–Real and Personal Property*** (Official Form 206A/B)

1a. **Real property:**
Copy line 88 from *Schedule A/B* ........ $ 0.00

1b. **Total personal property:**
Copy line 91A from *Schedule A/B* ........ $ 8,902,828.80

1c. **Total of all property:**
Copy line 92 from *Schedule A/B* ........ $ 8,902,828.80

## Part 2: Summary of Liabilities

2. ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
Copy the total dollar amount listed in Column A, *Amount of claim*,from line 3 of *Schedule D* ........ $ 59,437,500.00

3. ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

3a. **Total claim amounts of priority unsecured claims:**
Copy the total claims from Part 1 from line 5a of *Schedule E/F* ........ $ 0.00

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ........ **+** $ 35,396,467.57

4. **Total liabilities**
Lines 2 + 3a + 3b ........ $ 94,833,967.57

**Fill in this information to identify the case:**

Debtor Name: In re : Trajector Media Services, LLC

United States Bankruptcy Court for the: Middle District of Florida

Case number (if known): 26-03301 (JAB)

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

12/15

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

## Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.

☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand**

| | | |
|---|---|---|
| 2.1 | None | $ |

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | Current value |
|---|---|---|---|---|
| 3.1 | Chase | Operating | 8787 | $ 4,847.25 |
| 3.2 | Regions Bank | Operating | 7898 | $ 80,578.24 |

4. **Other cash equivalents** *(Identify all)*

| | | |
|---|---|---|
| 4.1 | None | $ |

5. **Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

$ 85,425.49

Debtor: Trajector Media Services, LLC
Name

Case number *(if known)*: 26-03301

**Part 2: Deposits and prepayments**

6. **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.

☑ Yes. Fill in the information below.

**Current value of debtor's interest**

7. **Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

| | | |
|---|---|---|
| 7.1 | None | $ |

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

| | | |
|---|---|---|
| 8.1 | Internal Ad Spend/Leads (Est) - SSDI - July 1-31, 2026 - Clickmatize | $ 936,000.00 |

9. **Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81. $ 936,000.00

## Part 3: Accounts receivable

10. **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

☑ Yes. Fill in the information below.

| | | | | | | **Current value of debtor's interest** |
|---|---|---|---|---|---|---|
| 11. **Accounts receivable** | | | | | | |
| | Description | face amount | | doubtful or uncollectible accounts | | |
| 11a. | 90 days old or less: | Trade receivables | $ 967,948.01 | - $ 0.00 | =.... ➔ | $ 967,948.01 |
| 11b. | Over 90 days old: | Trade receivables | $ 632,251.00 | - $ 0.00 | =.... ➔ | $ 632,251.00 |

12. **Total of Part 3.**
Current value on lines 11a + 11b = line 12. Copy the total to line 82. $ 1,600,199.01

Debtor: Trajector Media Services, LLC
Name

Case number *(if known)*: 26-03301

## Part 4: Investments

13. **Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|
| 14. **Mutual funds or publicly traded stocks not included in Part 1** | | |
| Name of fund or stock: | | $ |
| 15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture** | | |
| Name of entity: % of ownership: | | $ |
| 16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1** | | |
| Describe: | | $ |

17. **Total of Part 4.**
Add lines 14 through 16. Copy the total to line 83. $ 0.00

Debtor: Trajector Media Services, LLC — Name | Case number *(if known)*: 26-03301

## Part 5: Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**
- ☑ No. Go to Part 6.
- ☐ Yes. Fill in the information below.

| | General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| 19. **Raw materials** | | | $ | | $ |
| 20. **Work in progress** | | | $ | | $ |
| 21. **Finished goods, including goods held for resale** | | | $ | | $ |
| 22. **Other inventory or supplies** | | | $ | | $ |

23. **Total of Part 5.**
Add lines 19 through 22. Copy the total to line 84. $ 0.00

24. **Is any of the property listed in Part 5 perishable?**
- ☐ No
- ☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
- ☐ No
- ☐ Yes. Description________ Book value $ ________ Valuation method ________ Current value $ ________

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
- ☐ No
- ☐ Yes

## Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | | | |
| | $ | | $ |
| 29. **Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| | $ | | $ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| | $ | | $ |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| | $ | | $ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |
| | $ | | $ |

33. **Total of Part 6.**
Add lines 28 through 32. Copy the total to line 85. $ 0.00

34. **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

☐ No

☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Description____ Book value $____ Valuation method____ Current value $____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 7: Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 39. | **Office furniture** | | | |
| | | $ | | $ |
| 40. | **Office fixtures** | | | |
| | | $ | | $ |
| 41. | **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| | | $ | | $ |
| 42. | **Collectibles** *Examples:* Antiques and figurines; paintings,prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| | | $ | | $ |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86. $ 0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 8: Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| **General description**<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | **Net book value of debtor's interest**<br>(Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|
| 47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| | $ | | $ |
| 48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| | $ | | $ |
| 49. **Aircraft and accessories** | | | |
| | $ | | $ |
| 50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| | $ | | $ |

51. **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87. $ 0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor: Trajector Media Services, LLC
Name

Case number *(if known)*: 26-03301

## Part 9: Real property

54. **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| **Description and location of property**<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | **Nature and extent of debtor's interest in property** | **Net book value of debtor's interest**<br>(Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|---|
| 55.1 | | $ | | $ |

56. **Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88. $ 0.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?`**

☐ No

☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 10: Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**
- ☐ No. Go to Part 11.
- ☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 None | $ | | $ |
| 61. **Internet domain names and websites** | | | |
| 61.1 None | $ | | $ |
| 62. **Licenses, franchises, and royalties** | | | |
| 62.1 None | $ | | $ |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| 63.1 None | $ | | $ |
| 64. **Other intangibles, or intellectual property** | | | |
| 64.1 None | $ | | $ |
| 65. **Goodwill** | | | |
| 65.1 Goodwill | $ 2,594,833.25 | | $ Undetermined |

66. **Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89. $ 0.00

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**
- ☑ No
- ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
- ☐ No
- ☑ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
- ☑ No
- ☐ Yes

## Part 11: All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

**Current value of debtor's interest**

71. **Notes receivable**

| Description (include name of obligor) | Total face amount | doubtful or uncollectible accounts | | Current value of debtor's interest |
|---|---|---|---|---|
| 71.1 None | $ | - $ | =..... ➔ | $ |

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

72.1 None — Tax year — $

73. **Interests in insurance policies or annuities**

73.1 None — $

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1 Gina G. Uribe — $ Undetermined

**Nature of claim**: Claims relating to corporate governance disputes and breaches of fiduciary and related duties.

**Amount requested**: $ Undetermined

74.2 Veterans of Foreign Wars of the United States — $ Undetermined

**Nature of claim**: Claims relating to tortious interference and related claims.

**Amount requested**: $ Undetermined

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1 Veterans of Foreign Wars of the United States. — $ Undetermined

**Nature of claim**: See Note below

**Amount requested**: $ Undetermined

*NOTE: Counterclaims relating to tortious interference and related claims, in any future litigation similar to the proposed (and later dismissed) fourth amended complaint in Warriors and Family Assistance Center LLC, Tonya Price, Manring & Farrell Attorneys at Law, Clifford Farrell, and Veterans of Foreign Wars of the United States v. Trajector Medical LLC f/k/a Vet Comp & Pen Medical Consulting LLC, Trajector Holdings LLC, Trajector Media Services LLC, Ampry Holdings LLC d/b/a Benefit Karma, Globaltek BPO LLC, James S. Hill II, Gina G. Uribe, and Richard Blaser, Case No. 1:23-cv-290-AW-HTC (N.D. Fla.).*

76. **Trusts, equitable or future interests in property**

76.1 None — $

77. **Other property of any kind not already listed** *Examples*: Season tickets, country club membership

77.1 Net Affiliate Receivable - Benefits Group Holdings, LLC — $ 6,281,204.30

78. **Total of Part 11.**
Add lines 71 through 77. Copy the total to line 90.

$ 6,281,204.30

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☑ No
☐ Yes

Debtor: Trajector Media Services, LLC — Case number (if known): 26-03301

Name

## Part 12: Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| | Type of property | Current value of personal property | | Current value of real property |
|---|---|---|---|---|
| 80. | **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 85,425.49 | | |
| 81. | **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 936,000.00 | | |
| 82. | **Accounts receivable.** *Copy line 12, Part 3.* | $ 1,600,199.01 | | |
| 83. | **Investments.** *Copy line 17, Part 4.* | $ 0.00 | | |
| 84. | **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | | |
| 85. | **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | | |
| 86. | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | | |
| 87. | **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | | |
| 88. | **Real property.** *Copy line 56, Part 9.*........................................➔ | | | $ 0.00 |
| 89. | **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | | |
| 90. | **All other assets.** *Copy line 78, Part 11.* | $ 6,281,204.30 | | |
| 91. | **Total.** Add lines 80 through 90 for each column..............................91a. | $ 8,902,828.80 | + 91b. | $ 0.00 |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ........................................ $ 8,902,828.80

**Fill in this information to identify the case:**

Debtor Name: In re : Trajector Media Services, LLC

United States Bankruptcy Court for the: Middle District of Florida

Case number (if known): 26-03301 (JAB)

☐ Check if this is an amended filing

# Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**
   - ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   - ☑ Yes. Fill in all of the information below.

**Part 1: List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|
| 2.1 **Creditor's name:** Deutsche Bank AG New York Branch, as Administrative and Collateral Agent<br>**Describe debtor's property that is subject to a lien:** First priority security interest in and continuing lien on substantially all of its personal property | $ 59,437,500.00 | $ Undetermined |

**Creditor's mailing address**

Michael Busam
Notice Name

Leveraged Debt Capital Markets
Street

The Deutsche Bank Center

1 Columbus Circle

New York, NY 10019
City, State, ZIP Code

Country

**Creditor's email address, if known**

**Date debt was incurred** 4/14/2021

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

- ☑ No
- ☐ Yes. Have you already specified the relative priority?
  - ☐ No. Specify each creditor, including this creditor, and its relative priority.
  - ☐ Yes. The relative priority of creditors is specified on lines

**Describe the lien**

Pledge and Security Agreement, as amended

**Is the creditor an insider or related party?**

- ☑ No
- ☐ Yes

**Is anyone else liable on this claim?**

- ☐ No
- ☑ Yes. Fill out *Schedule H: Codebtors(Official Form 206H).*

**As of the petition filing date, the claim is:**
Check all that apply.

- ☑ Contingent
- ☐ Unliquidated
- ☐ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** $ 59,437,500.00

## Part 2: List Others to Be Notified for a Debt Already Listed in Part 1

**List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.**

**If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.**

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| White & Case LLP<br>Name<br>Ben Ludewig, Partner<br>Notice Name<br>1221 Avenue of the Americas<br>Street<br>New York NY 10020-1095<br>City State ZIP Code<br>Country | Line 2.1 | |

**Fill in this information to identify the case:**

Debtor Name: In re : Trajector Media Services, LLC

United States Bankruptcy Court for the: Middle District of Florida

Case number (if known): 26-03301 (JAB)

☐ Check if this is an amended filing

# Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

12/15

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

### Part 1: List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

☑ No. Go to Part 2.

☐ Yes. Go to Line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | Total claim | Priority amount |
|---|---|---|
| 2.1 **Priority creditor's name and mailing address** — **As of the petition filing date, the claim is:** | $ | $ |

*Check all that apply.*

Creditor Name

☐ Contingent

Creditor's Notice name

☐ Unliquidated

☐ Disputed

Address

**Basis for the claim:**

City State ZIP Code

Country

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**

☐ No

☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

**Amount of claim**

3.1 **Nonpriority creditor's name and mailing address**

See Schedule E/F, Part 2 Attachment
Creditor Name

Creditor's Notice name

Address

City State ZIP Code

Country

**As of the petition filing date, the claim is:** $ 35,396,467.57
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☐ No
☐ Yes

## Part 3: List Others to Be Notified About Unsecured Claims

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.**
**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| Name<br>Notice Name<br>Street<br><br>City State ZIP Code<br>Country | Line<br>☐ Not Listed.Explain | |

## Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

5. **Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. | **Total claims from Part 1** | 5a. | $ 0.00 |
| 5b. | **Total claims from Part 2** | 5b. + | $ 35,396,467.57 |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 35,396,467.57 |

**Fill in this information to identify the case:**

Debtor Name: In re : Trajector Media Services, LLC

United States Bankruptcy Court for the: Middle District of Florida

Case number (if known): 26-03301 (JAB)

☐ Check if this is an amended filing

# Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

**12/15**

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**

☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

2. **List all contracts and unexpired leases**

**State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease**

**State what the contract or lease is for and the nature of the debtor's interest**

**State the term remaining**

**List the contract number of any government contract**

Name

Notice Name

Address

City State ZIP Code

Country

**Fill in this information to identify the case:**

Debtor Name: In re : Trajector Media Services, LLC

United States Bankruptcy Court for the: Middle District of Florida

Case number (if known): 26-03301 (JAB)

☐ Check if this is an amended filing

Official Form 206H

# Schedule H: Codebtors

**12/15**

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

1. **Does the debtor have any codebtors?**

   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1 | See Schedule H Attachment | Street<br><br>City State ZIP Code<br>Country | | ☐ D<br>☐ E/F<br>☐ G |

**Fill in this information to identify the case:**

Debtor Name: In re : Trajector Media Services, LLC

United States Bankruptcy Court for the: Middle District of Florida

Case number (if known): 26-03301 (JAB)

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☑ *Schedule H: Codebtors* (Official Form 206H)
- ☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* __________
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☐ Other document that requires a declaration __________

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 08/19/2026
MM / DD / YYYY

✖ / s / Mark C Healy
Signature of individual signing on behalf of debtor

Mark C Healy
Printed name

Chief Restructuring Officer
Position or relationship to debtor

**In re: Trajector Media Services, LLC**
**Case No. 26-03301**
Schedule E/F, Part 2
Creditors Who Have NONPRIORITY Unsecured Claims

| Line | Nonpriority Creditor's Name | Creditor Notice Name | Address 1 | City | State | Zip | Date incurred | Account number (last 4 digits) | Basis for claim | Subject to offset (Y/N) | Contingent | Unliquidated | Disputed | Amount of claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3.1 | GLOBALTEK BPO LLC | | 5950 NW 1st Place, Suite 200 | Gainesville | FL | 32607 | | | Intercompany | | | | | $502,859.51 |
| 3.2 | PERFECT PATH, LLC | | 5950 NW 1st Place, Suite 200 | Gainesville | FL | 32607 | | | Intercompany | | | | | $4,404,209.76 |
| 3.3 | The Guardian LIfe Insurance Company | | 10 Hudson Yards | New York | NY | 10001 | Various | N/A | Life Insurance | | | | | $10.65 |
| 3.4 | TRAJECTOR ADMIN SERVICES, LLC | | 5950 NW 1st Place, Suite 200 | Gainesville | FL | 32607 | | | Intercompany | | | | | $832,567.27 |
| 3.5 | TRAJECTOR DISABILITY, LLC | | 5950 NW 1st Place, Suite 200 | Gainesville | FL | 32607 | | | Intercompany | | | | | $1,227,301.54 |
| 3.6 | Trajector Holdings, LLC | | 5950 NW 1st Place, Suite 200 | Gainesville | FL | 32607 | | | Intercompany | | | | | $2,489,784.09 |
| 3.7 | Vet Comp & Pen Medical Consulting, LLC | | 5950 NW 1st Place, Suite 200 | Gainesville | FL | 32607 | | | Intercompany | | | | | $25,939,734.75 |
| | | | | | | | | | | | | | **TOTAL:** | **$35,396,467.57** |

**In re: Trajector Media Services, LLC**
**Case No. 26-03301**
Schedule H
Codebtors

| Name of codebtor | Address 1 | City | State | Zip | Name of creditor | D | E/F | G |
|---|---|---|---|---|---|---|---|---|
| Adduco Media, LLC | 5950 NW 1st Place, Suite 200 | Gainesville | FL | 32607 | Deutsche Bank AG New York Branch, as Administrative and Collateral Agent | X | | |
| Anchorsix Services, LLC | 5950 NW 1st Place, Suite 200 | Gainesville | FL | 32607 | Deutsche Bank AG New York Branch, as Administrative and Collateral Agent | X | | |
| Atvantage, LLC | 5950 NW 1st Place, Suite 200 | Gainesville | FL | 32607 | Deutsche Bank AG New York Branch, as Administrative and Collateral Agent | X | | |
| Benefits Group Holdings, LLC | 5950 NW 1st Place, Suite 200 | Gainesville | FL | 32607 | Deutsche Bank AG New York Branch, as Administrative and Collateral Agent | X | | |
| Benefits Insurance, LLC | 5950 NW 1st Place, Suite 200 | Gainesville | FL | 32607 | Deutsche Bank AG New York Branch, as Administrative and Collateral Agent | X | | |
| Contact Center 1, LLC | 5950 NW 1st Place, Suite 200 | Gainesville | FL | 32607 | Deutsche Bank AG New York Branch, as Administrative and Collateral Agent | X | | |
| Myler Disability Holdings, LLC | 5950 NW 1st Place, Suite 200 | Gainesville | FL | 32607 | Deutsche Bank AG New York Branch, as Administrative and Collateral Agent | X | | |
| Myler Disability, LLC | 5950 NW 1st Place, Suite 200 | Gainesville | FL | 32607 | Deutsche Bank AG New York Branch, as Administrative and Collateral Agent | X | | |
| Myler Insurance Services Holdings, LLC | 5950 NW 1st Place, Suite 200 | Gainesville | FL | 32607 | Deutsche Bank AG New York Branch, as Administrative and Collateral Agent | X | | |
| Perfect Path, LLC | 5950 NW 1st Place, Suite 200 | Gainesville | FL | 32607 | Deutsche Bank AG New York Branch, as Administrative and Collateral Agent | X | | |
| Trajector Admin Services, LLC | 5950 NW 1st Place, Suite 200 | Gainesville | FL | 32607 | Deutsche Bank AG New York Branch, as Administrative and Collateral Agent | X | | |
| Trajector Disability, LLC | 5950 NW 1st Place, Suite 200 | Gainesville | FL | 32607 | Deutsche Bank AG New York Branch, as Administrative and Collateral Agent | X | | |
| Trajector Holdings, LLC | 5950 NW 1st Place, Suite 200 | Gainesville | FL | 32607 | Deutsche Bank AG New York Branch, as Administrative and Collateral Agent | X | | |
| Trajector Medical, LLC | 5950 NW 1st Place, Suite 200 | Gainesville | FL | 32607 | Deutsche Bank AG New York Branch, as Administrative and Collateral Agent | X | | |

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| TRAJECTOR HOLDINGS, LLC,[1] | Case No. 3:26-bk-03286-JAB<br>Lead Case |
| | *Jointly Administered with* |
| BENEFITS GROUP HOLDINGS, LLC, | Case No. 3:26-bk-03289-JAB |
| TRAJECTOR MEDICAL, LLC, | Case No. 3:26-bk-03291-JAB |
| INFINITE IP LLC, | Case No. 3:26-bk-03293-JAB |
| PERFECT PATH, LLC, | Case No. 3:26-bk-03295-JAB |
| TRAJECTOR ADMIN SERVICES, LLC, | Case No. 3:26-bk-03296-JAB |
| BENEFITS INSURANCE, LLC, | Case No. 3:26-bk-03297-JAB |
| MYLER INSURANCE SERVICES HOLDINGS, LLC, | Case No. 3:26-bk-03298-JAB |
| ANCHORSIX SERVICES, LLC, | Case No. 3:26-bk-03299-JAB |
| ATVANTAGE, LLC, | Case No. 3:26-bk-03300-JAB |
| TRAJECTOR MEDIA SERVICES, LLC, | Case No. 3:26-bk-03301-JAB |
| GLOBALTEK BPO LLC, | Case No. 3:26-bk-03302-JAB |
| MYLER DISABILITY HOLDINGS, LLC, | Case No. 3:26-bk-03304-JAB |
| MYLER DISABILITY, LLC, | Case No. 3:26-bk-03306-JAB |
| ADDUCO MEDIA, LLC, | Case No. 3:26-bk-03307-JAB |
| TRAJECTOR DISABILITY, LLC, | Case No. 3:26-bk-03308-JAB |
| CONTACT CENTER 1, LLC, | Case No. 3:26-bk-03309-JAB |
| BENEFITS KARMA, LLC, | Case No. 3:26-bk-03310-JAB |
| EXECUTIVE STAFFING SOLUTIONS, PLLC, | Case No. 3:26-bk-03311-JAB |
| AMPRY HOLDINGS, LLC, | Case No. 3:26-bk-03312-JAB |
| CONCIERGE STAFFING SERVICE MANAGEMENT, LLC, | Case No. 3:26-bk-03314-JAB |
| TRAJECTOR, INC., | Case No. 3:26-bk-03315-JAB |

Debtors.
______________________________________________/

**STATEMENT OF FINANCIAL AFFAIRS FOR**
**TRAJECTOR MEDIA SERVICES, LLC, 3:26-bk-03301-JAB**

---

[1] The Debtors' mailing address is 5950 NW 1st Place, Suite 200, Gainesville, FL 32607. The last four digits of each Debtor's federal tax identification number are: (i) Trajector Holdings, LLC (7528); (ii) Benefits Group Holdings, LLC (2029); (iii) Trajector Medical, LLC (5243); (iv) Infinite IP LLC (3723); (v) Perfect Path, LLC (3494); (vi) Trajector Admin Services, LLC (2231); (vii) Benefits Insurance, LLC (9835); (viii) Myler Insurance Services Holdings, LLC (3606); (ix) AnchorSix Services, LLC (5009); (x) Atvantage, LLC (7384); (xi) Trajector Media Services, LLC (7509); (xii) Globaltek BPO LLC (1684); (xiii) Myler Disability Holdings, LLC (9924); (xiv) Myler Disability, LLC (0845); (xv) Adduco Media, LLC (0257); (xvi) Trajector Disability, LLC (5136); (xvii) Contact Center 1, LLC (2329); (xviii) Benefits Karma, LLC (1850); (xix) Executive Staffing Solutions, PLLC (1841); (xx) Ampry Holdings, LLC (2323); (xxi) Concierge Staffing Service Management, LLC (2814); and (xxii) Trajector, Inc. (2128).

**Fill in this information to identify the case:**

Debtor Name: In re : Trajector Media Services, LLC

United States Bankruptcy Court for the: Middle District Of Florida

Case number (if known): 26-03301 (JAB)

☐ Check if this is an amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy 04/25

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

## Part 1: Income

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | | | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From | 1/1/2026 (MM / DD / YYYY) | to | Filing date | ☑ Operating a business<br>☐ Other | $ 3,372,249.98 |
| **For prior year:** | From | 1/1/2025 (MM / DD / YYYY) | to | 12/31/2025 (MM / DD / YYYY) | ☑ Operating a business<br>☐ Other | $ 5,390,249.96 |
| **For the year before that:** | From | 1/1/2024 (MM / DD / YYYY) | to | 12/31/2024 (MM / DD / YYYY) | ☑ Operating a business<br>☐ Other | $ 4,427,749.96 |

Debtor: Trajector Media Services, LLC — Name

Case number (if known): 26-03301

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | | | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From | MM / DD / YYYY | to | Filing date | | $ |
| **For prior year:** | From | MM / DD / YYYY | to | MM / DD / YYYY | | $ |
| **For the year before that:** | From | MM / DD / YYYY | to | MM / DD / YYYY | | $ |

## Part 2: List Certain Transfers Made Before Filing for Bankruptcy

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575 . (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|---|
| 3.1 | Creditor's Name<br>Street<br>City State ZIP Code<br>Country | | $ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| | Insider's Name and Address | Dates | Total amount or value | Reason for payment or transfer |
|---|---|---|---|---|
| 4.1 | See SOFA 4 Attachment<br>Insider's Name<br>Street<br>City State ZIP Code<br>Country<br>**Relationship to Debtor** | | $ | |

Debtor: Trajector Media Services, LLC Case number *(if known)*: 26-03301

Name

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's Name and Address | Description of the Property | Date | Value of property |
|---|---|---|---|
| 5.1 Creditor's Name<br>Street<br><br>City State ZIP Code<br>Country | | | $ |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's Name and Address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1 Creditor's Name<br>Street<br><br>City State ZIP Code<br>Country | Last 4 digits of account number: XXXX– | | $ |

## Part 3: Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☑ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1 | | | Name<br>Street<br><br>City State ZIP Code<br>Country | ☐ Pending<br>☐ On appeal<br>☐ Concluded |
| | **Case number** | | | |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| | Custodian's name and address | Description of the Property | Value |
|---|---|---|---|
| 8.1 | Custodian's name<br>Street<br><br>City State ZIP Code<br>Country | <br>**Case title**<br><br>**Case number**<br><br>**Date of order or assignment** | $<br>**Court name and address**<br>Name<br>Street<br>City State ZIP Code<br>Country |

Debtor: Trajector Media Services, LLC
Name

Case number *(if known)*: 26-03301

## Part 4: Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|---|
| 9.1 | Creditor's Name<br>Street<br><br>City State ZIP Code<br>Country | | | $ |

**Recipient's relationship to debtor**

Debtor: Trajector Media Services, LLC
Name

Case number *(if known)*: 26-03301

## Part 5: Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| | Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | Date of loss | Value of property lost |
|---|---|---|---|---|
| 10.1 | | | | $ |

Debtor: Trajector Media Services, LLC  
Name

Case number (if known): 26-03301

## Part 6: Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1 | | | | $ |

**Address**

Street

City State ZIP Code

Country

**Email or website address**

**Who made the payment, if not debtor?**

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.  
Do not include transfers already listed on this statement.

☑ None

| | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|---|
| 12.1 | | | | $ |

**Trustee**

**13. Transfers not already listed on this statement**

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1 | | | | $ |

**Address**

Street

City State ZIP Code

Country

**Relationship to Debtor**

**Part 7: Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | Dates of occupancy |
|---|---|---|
| 14.1 | 5950 NW 1st Place, Suite 200 (Street)<br>Gainesville (City) FL (State) 32607 (ZIP Code)<br>(Country) | From 4/2022 To 7/2026 |

## Part 8: Health Care Bankruptcies

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
— diagnosing or treating injury, deformity, or disease, or
— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| | Facility Name and Address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|---|
| 15.1 | Facility Name | | |
| | Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | How are records kept? |
| | City State ZIP Code | | Check all that apply:<br>☐ Electronically<br>☐ Paper |
| | Country | | |

## Part 9: Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained.

Does the debtor have a privacy policy about that information?

☐ No

☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

☑ Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☑ Yes. Fill in below:

| | Name of plan | Employer identification number of the plan |
|---|---|---|
| 17.1 | Trajector Holdings Savings Plan | EIN: 47-1965243 |

Has the plan been terminated?

☑ No

☐ Yes

*The Plan Administrator is the lead sponsoring employer, Trajector Medical, LLC.*

## Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1 | Name<br>Street<br><br>City State ZIP Code<br>Country | XXXX- | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other | | $ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| | Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 19.1 | Name<br>Street<br><br>City State ZIP Code<br>Country | <br>Address | | ☐ No<br>☐ Yes |
| 19.2 | Name<br>Street<br><br>City State ZIP Code<br>Country | <br>Address | | ☐ No<br>☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| | Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 20.1 | Name<br>Street<br><br>City State ZIP Code<br>Country | <br><br>Address | | ☐ No<br>☐ Yes |

## Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| | Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|---|
| 21.1 | Name<br>Street<br><br>City State ZIP Code<br>Country | | | $ |

## Part 12: Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No

☐ Yes. Provide details below.

| | Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|---|
| 22.1 | | Name<br>Street<br><br>City State ZIP Code<br>Country | | ☐ Pending<br>☐ On appeal<br>☐ Concluded |
| | **Case Number** | | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No

☐ Yes. Provide details below.

| | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|---|
| 23.1 | Name<br>Street<br><br>City State ZIP Code<br>Country | Name<br>Street<br><br>City State ZIP Code<br>Country | | |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|---|
| 24.1 | Name<br>Street<br><br>City State ZIP Code<br>Country | Name<br>Street<br><br>City State ZIP Code<br>Country | | |

## Part 13: Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.Include this information even if already listed in the Schedules.

☑ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1 | Name<br>Street<br>City State ZIP Code<br>Country | | EIN:<br>Dates business existed<br>From To |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| | Name and Address | Dates of service |
|---|---|---|
| 26a.1 | Kevin Frain - Chief Financial Officer (Name)<br>5950 NW 1st Place, Suite 200 (Street)<br>Gainesville (City) FL (State) 32607 (ZIP Code)<br>Country | From 4/5/2021 To Present |
| 26a.2 | Ron Borel - Controller (Name)<br>Address on file (Street)<br>City State ZIP Code<br>Country | From 12/1/2019 To 3/13/2026 |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| | Name and Address | Dates of service |
|---|---|---|
| 26b.1 | James Moore & Co. - Tax Preparer<br>Name<br>5931 NW 1st Place<br>Street<br>Gainesville FL 32607<br>City State ZIP Code<br>Country | From 2021 To Present |
| 26b.2 | KPMG - Auditor<br>Name<br>Dept. 0970 P.O. Box 120970<br>Street<br>Dallas TX 75312<br>City State ZIP Code<br>Country | From 2021 To Present |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| | Name and address | If any books of account and records are unavailable, explain why |
|---|---|---|
| 26c.1 | Kevin Frain<br>Name<br>5950 NW 1st Place, Suite 200<br>Street<br>Gainesville FL 32607<br>City State ZIP Code<br>Country | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

**Name and address**

26d.1 See SOFA 26d Attachment
Name

Street

City State ZIP Code

Country

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of Inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

**Name and address of the person who has possession of inventory records**

27.1
Name

Street

City State ZIP Code

Country

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| | Name | Address | Position and Nature of any interest | % of interest, if any |
|---|---|---|---|---|
| 28.1 | Benefits Group Holdings, LLC | 5950 NW 1st Place, Suite 200, Gainesville, FL 32607 | Sole Member | 100.00% |
| 28.2 | Gina G. Uribe | 5950 NW 1st Place, Suite 200, Gainesville, FL 32607 | Co-Manager | 0.00% |
| 28.3 | James S. Hill II | 5950 NW 1st Place, Suite 200, Gainesville, FL 32607 | Co-Manager | 0.00% |
| 28.4 | Kevin M. Frain | 5950 NW 1st Place, Suite 200, Gainesville, FL 32607 | Chief Financial Officer | 0.00% |
| 28.5 | Mark C Healy | Michael Moecker & Associates, Inc., 1885 Marina Mile Blvd, Ste 103, Fort Lauderdale, FL 33315 | Chief Restructuring Officer | 0.00% |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☑ Yes. Identify below.

| | Name | Address | Position and Nature of any interest | Period during which position or interest was held |
|---|---|---|---|---|
| 29.1 | Ashish Bisaria | Address on file | Chief Operating Officer | From 9/2022 To 5/2026 |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans,credits on loans, stock redemptions, and options exercised?

☐ No

☑ Yes. Identify below.

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1 | See SOFA Question 4<br>Name<br>Street<br>City State ZIP Code<br>Country<br>**Relationship to debtor** | | | |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☑ Yes. Identify below.

| | Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|---|
| 31.1 | Trajector Holdings, LLC | EIN: 86-2897528 |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| | Name of the pension fund | Employer Identification number of the pension fund |
|---|---|---|
| 32.1 | | EIN: |

**Part 14:** **Signature and Declaration**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.

18 U.S.C.§§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 08/19/2026
MM / DD / YYYY

✘ / s / Mark C Healy
Signature of individual signing on behalf of the debtor

Printed name Mark C Healy

Position or relationship to debtor Chief Restructuring Officer

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐ No

☑ Yes

**In re: Trajector Media Services, LLC**
**Case No. 26-03301**
SOFA 4 Attachment
Payments or other transfers of property made within 1 year before filing this case that benefited any insider

| Creditor Name & Address | Payment Date | Reason for Payment | Relationship to Debtor | Amount Paid |
|---|---|---|---|---|
| Clickmatize LLC<br>519 West State Road, STE 201<br>Pleasant Grove, UT 84062 | 8/14/2025 | Affiliate Payments | Affiliate | $2,526,446.03 |
| | 8/27/2025 | Affiliate Payments | Affiliate | $1,056,961.00 |
| | 9/10/2025 | Affiliate Payments | Affiliate | $1,459,887.61 |
| | 9/24/2025 | Affiliate Payments | Affiliate | $174,698.00 |
| | 10/8/2025 | Affiliate Payments | Affiliate | $1,127,234.28 |
| | 10/22/2025 | Affiliate Payments | Affiliate | $1,477,576.16 |
| | 11/5/2025 | Affiliate Payments | Affiliate | $1,176,625.77 |
| | 11/19/2025 | Affiliate Payments | Affiliate | $1,445,210.57 |
| | 12/4/2025 | Affiliate Payments | Affiliate | $1,048,227.76 |
| | 12/17/2025 | Affiliate Payments | Affiliate | $884,025.52 |
| | 12/24/2025 | Affiliate Payments | Affiliate | $933,652.51 |
| | 1/15/2026 | Affiliate Payments | Affiliate | $1,801,010.72 |
| | 1/28/2026 | Affiliate Payments | Affiliate | $1,036,871.69 |
| | 2/13/2026 | Affiliate Payments | Affiliate | $1,432,044.45 |
| | 2/25/2026 | Affiliate Payments | Affiliate | $965,882.43 |
| | 3/13/2026 | Affiliate Payments | Affiliate | $1,332,104.04 |
| | 3/26/2026 | Affiliate Payments | Affiliate | $899,559.18 |
| | 4/10/2026 | Affiliate Payments | Affiliate | $443,108.29 |
| | 4/22/2026 | Affiliate Payments | Affiliate | $75,000.00 |
| | 4/24/2026 | Affiliate Payments | Affiliate | $800,000.00 |
| | 5/8/2026 | Affiliate Payments | Affiliate | $946,498.22 |
| | 5/20/2026 | Affiliate Payments | Affiliate | $515,132.84 |
| | 6/8/2026 | Affiliate Payments | Affiliate | $819,617.26 |
| | 6/18/2026 | Affiliate Payments | Affiliate | $769,971.93 |
| | 6/24/2026 | Affiliate Payments | Affiliate | $460,365.79 |
| | 7/2/2026 | Affiliate Payments | Affiliate | $846,000.00 |
| | 7/15/2026 | Affiliate Payments | Affiliate | $34,397.17 |
| | 7/22/2026 | Affiliate Payments | Affiliate | $75,000.00 |
| | 7/23/2026 | Affiliate Payments | Affiliate | $76,708.97 |
| | | | **SUBTOTAL** | **$26,639,818.19** |
| TRAJECTOR HOLDINGS, LLC<br>5950 NW 1st Place, Suite 200<br>Gainesville, FL 32607 | 9/22/2025 | Affiliate Payments | Affiliate | $500,000.00 |
| | 11/13/2025 | Affiliate Payments | Affiliate | $1,500,000.00 |
| | 6/23/2026 | Affiliate Payments | Affiliate | $1,000,000.00 |
| | 6/25/2026 | Affiliate Payments | Affiliate | $31,000.00 |
| | 7/9/2026 | Affiliate Payments | Affiliate | $228,000.00 |
| | 7/14/2026 | Affiliate Payments | Affiliate | $1,650,000.00 |
| | 7/22/2026 | Affiliate Payments | Affiliate | $120,000.00 |
| | 7/24/2026 | Affiliate Payments | Affiliate | $20,000.00 |
| | | | **SUBTOTAL** | **$5,049,000.00** |

**In re: Trajector Media Services, LLC**
**Case No. 26-03301**
SOFA 26d Attachment
Books, records and financial statements - Financial institution to whom financial statement was issued

| Name | Address 1 | Address 2 | City | State | Zip | Country |
|---|---|---|---|---|---|---|
| AEA Investors | 520 Madison Avenue | 40th Floor | New York | NY | 10022 | |
| Anchorage Capital Advisors, L.P | 610 Broadway | 6th Floor | New York | NY | 10012 | |
| Apollo Credit | 9 West 57th Street | 42nd Floor | New York | NY | 10019 | |
| Ares Capital Corporation | 245 Park Avenue | 44th Floor | New York | NY | 10167 | |
| Avenue Capital Group | 399 Park Avenue | 6th Floor | New York | NY | 10022 | |
| Bain Capital | 200 Clarendon Street | | Boston | MA | 02116 | |
| Banyan Ridge | 3250 Mary Street | Suite 304 | Miami | FL | 33133 | |
| Barclays | 745 7th Avenue | | New York | NY | 10019 | |
| BC Partners | 650 Madison Avenue | 3rd Floor | New York | NY | 10022 | |
| Beach Point Capital | 1620 26th Street | Suite 6000N | Santa Monica | CA | 90404 | |
| Benefit Street Partners | 9 West 57th Street | Room 4920 | New York | NY | 10019 | |
| Blue Owl Capital | 399 Park Avenue | 38th Floor | New York | NY | 10022 | |
| Blue Torch Capital | 599 Lexington Avenue | 27th Floor | New York | NY | 10022 | |
| BoA / Merrill Lynch | One Bryant Park | | New York | NY | 10036 | |
| Brigade Capital Management | 399 Park Avenue | 16th Floor | New York | NY | 10022 | |
| Cantor Fitzgerald | 110 East 59th Street | 4th Floor | New York | NY | 10022 | |
| Canyon Capital Partners | 2000 Avenue of the Stars | 11th Floor | Los Angeles | CA | 90067 | |
| Caspian Capital | 10 East 53rd Street | 35th Floor | New York | NY | 10022 | |
| Centerbridge Partners | 375 Park Avenue | 11th Floor | New York | NY | 10152 | |
| Cerberus Direct Lending | 875 Third Avenue | | New York | NY | 10022 | |
| Chicago Atlantic | 420 North Wabash Avenue | Suite 500 | Chicago | IL | 60611 | |
| CIBC | 120 South LaSalle Street | | Chicago | IL | 60603 | |
| CIBC | 300 Madison Avenue | Sixth Floor | New York | NY | 10017 | |
| Citibank | 388 Greenwich St | | New York | NY | 10013 | |
| Colbeck Capital Management | 888 7th Avenue | 29th Floor | New York | NY | 10106 | |
| Crystal Capital | Two International Place | 17th Floor | Boston | MA | 02110 | |
| Davidson Kempner | 520 Madison Avenue | 30th Floor | New York | NY | 10022 | |
| Deerpath Capital Management, LP | 405 Lexington Avenue | 53rd Floor | New York | NY | 10174 | |
| Deutsche Bank Securities, Inc. | 1 Columbus Circle | | New York | NY | 10019 | |
| Diameter Capital Partners | 55 Hudson Yards | Suite 29B | New York | NY | 10001 | |

**In re: Trajector Media Services, LLC**
**Case No. 26-03301**
SOFA 26d Attachment
Books, records and financial statements - Financial institution to whom financial statement was issued

| Name | Address 1 | Address 2 | City | State | Zip | Country |
|---|---|---|---|---|---|---|
| Eldridge (formerly Maranon Capital) | 600 Steamboat Road | Suite 200 | Greenwich | CT | 06830 | |
| Ellington Warlander Partners Fund | 53 Forest Avenue | Suite 301 | Old Greenwich | CT | 06870 | |
| Elliot Capital Management | 40 West 57th Street | 4th Floor | New York | NY | 10019 | |
| Elm Park Capital | 2101 Cedar Springs Road | Suite 700 | Dallas | TX | 75201 | |
| Farmstead Capital Management, LLC | 7 North Broad Street | 3rd Floor | Ridgewood | NJ | 07450 | |
| FS Tactical Opportunities Fund | 201 Rouse Boulevard | | Philadelphia | PA | 19112 | |
| GCM Grosvenor | 900 North Michigan Avenue | Suite 1100 | Chicago | IL | 60611 | |
| Golden Tree Asset Management | 300 Park Avenue | 21st Floor | New York | NY | 10022 | |
| Goldman Sachs Specialty Lending | 200 West Street | | New York | NY | 10282 | |
| Goldman, Sachs & Co. | 200 West Street | | New York | NY | 10282 | |
| Graycliff Partners | 500 Fifth Avenue | 47th Floor | New York | NY | 10110 | |
| Grays Peak | 126 East 56th Street | | New York | NY | 10022 | |
| GTCR (via GTCR Capital Solutions) | 300 North LaSalle Drive | Suite 5600 | Chicago | IL | 60654 | |
| Hamilton Lane | 110 Washington Street | Suite 1300 | Conshohocken | PA | 19428 | |
| Harvey Capital Partners | 888 7th Ave | 27th Floor | New York | NY | 10106 | |
| HIG Capital / Whitehorse | 1450 Brickell Avenue | 31st Floor | Miami | FL | 33131 | |
| HPS Investment Partners (part of Blackrock) | 40 West 57th Street | 33rd Floor | New York | NY | 10019 | |
| J.P. Morgan | 270 Park Avenue | | New York | NY | 10017 | |
| Kennedy Lewis | 225 Liberty Street | Suite 4210 | New York | NY | 10281 | |
| Knighthead Capital Management | 320 Park Avenue | 28th Floor | New York | NY | 10022 | |
| Lafayette Square | 175 SW 7th St | Suite 2307 | Miami | FL | 33130 | |
| Lane 42 Investment Partners | 401 Wilshire Boulevard | Suite 900 | Santa Monica | CA | 90401 | |
| LBC Credit Partners, Inc. | 555 E. Lancaster Ave. | Suite 450 | Radnor | PA | 19087 | |
| Littlejohn & Co.'s opportunistic credit | 8 Sound Shore Drive | Suite 303 | Greenwich | CT | 06830 | |
| Manulife / Comvest Opportunistic Credit | 360 S. Rosemary Avenue | Suite 1700 | West Palm Beach | FL | 33401 | |
| Maranon Capital | 303 West Madison Street | Suite 2500 | Chicago | IL | 60606 | |
| Marblegate Asset Management LLC | 5 Greenwich Office Park | Suite 400 | Greenwich | CT | 06831 | |
| MC Credit Partners | 2200 Atlantic Street | 5th Floor | Stamford | CT | 06902 | |
| Monarch Alternative Credit | 535 Madison Avenue | | New York | NY | 10022 | |
| Monroe Capital | 155 North Wacker | 35th Floor | Chicago | IL | 60606 | |

**In re: Trajector Media Services, LLC**
**Case No. 26-03301**
SOFA 26d Attachment
Books, records and financial statements - Financial institution to whom financial statement was issued

| Name | Address 1 | Address 2 | City | State | Zip | Country |
|---|---|---|---|---|---|---|
| Morgan Stanley | 1585 Broadway | | New York | NY | 10036 | |
| Morgan Stanley Private Credit | 1585 Broadway | 39th Floor | New York | NY | 10036 | |
| MSD Capital (Michael Dell)/ DFO Management | 550 Madison Avenue | 20th Floor | New York | NY | 10022 | |
| Mudrick Capital Management | 31 West 52nd Street | 16th Floor | New York | NY | 10019 | |
| Oak Hill Advisors | One Vanderbilt | 16th Floor | New York | NY | 10017 | |
| Oaktree Capital | 333 South Grand Avenue | 28th Floor | Los Angeles | CA | 90071 | |
| Onex Corporation | 161 Bay Street | Suite 4900 | Toronto | ON | M5J 2S1 | Canada |
| Palmer Square Capital Management | 1900 Shawnee Mission Parkway | Suite 315 | Mission Woods | KS | 66205 | |
| Pinebridge Investments Private Credit | 65 East 55th Street | Park Avenue Tower | New York | NY | 10022 | |
| Piper Sandler | 350 North 5th Street | Suite 1000 | Minneapolis | MN | 55401 | |
| Prudential Capital Partners | 655 Broad Street | 17th Floor | Newark | NJ | 07102 | |
| R W Baird & Co. | 777 East Wisconsin Ave | | Milwaukee | WI | 53202 | |
| Raymoind James | 3050 Peachtree Rd NW | Suite 600 | Atlanta | GA | 30339 | |
| Redwood Capital Management, LLC | 250 W 55th Street | 26th Floor | New York | NY | 10019 | |
| Searchlight Opportunistic Credit | 745 Fifth Avenue | 26th Floor | New York | NY | 10151 | |
| Silver Point Capital | Two Greenwich Plaza | 1st Floor | Greenwich | CT | 06830 | |
| Silver Rock Capital Partners | 540 Madison Avenue | 35th Floor | New York | NY | 10022 | |
| Sixth Street | 1 Letterman Drive | Building B/Yoda Fountain | San Francisco | CA | 94129 | |
| Stifel, Nicolaus & Company | 501 North Broadway | | St. Louis | MO | 63102 | |
| Stone Point Credit | 20 Horseneck Lane | | Greenwich | CT | 06830 | |
| Stonepeak | 550 W 34th Street | 48th Floor | New York | NY | 10001 | |
| Summit Partners | 222 Berkeley Street | 18th Floor | Boston | MA | 02116 | |
| SVP Global | 100 West Putnam Avenue | | Greenwich | CT | 06830 | |
| TPG Twin Brook Capital Partners | 111 South Wacker Drive | 36th Floor | Chicago | IL | 60606 | |
| UBS Securities LLC | Global Healthcare Group | 11 Madison Ave | New York | NY | 10010 | |
| Viking Global | 600 Washington Boulevard | | Stamford | CT | 06901 | |
| Wells Fargo Securities | 550 South Tryon Street | 6th Floor | Charlotte | NC | 28202 | |
| Wells Fargo Corporate & Investment Banking | 550 S. Tryon St | 11th Floor | Charlotte | NC | 28202 | |
| White Oak Global Advisors, LLC | 3 Embarcadero Center | Suite 550 | San Francisco | CA | 94111 | |